## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

GERALD HOWLIET,               )
                                      )
            Petitioner,       )
                                        )
            v.                )       Case No. 17-cv-01490-JES
                                        )
STEVE KALLIS, Warden,        )
                                        )
           Respondent.     )

## <u>ORDER AND OPINION</u>

Now before the Court is Respondent Kallis' Motion to Dismiss [3] Petitioner Howliet's

Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241. For the reasons set forth

below, the Motion to Dismiss [3] is GRANTED and the Petition [1] is DISMISSED.

### BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of

Illinois of possession with intent to distribute cocaine base and heroin in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A), and (b)(1)(C), and with being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g). See *United States v. Farmer*, 543 F.3d 363, 376 (7th Cir. 2008).

At sentencing, Petitioner's prior felony drug convictions resulted in the enhancement of his

sentence to a mandatory life sentence. Doc. 1, p. 3; see 18 U.S.C. § 922(g), 18 U.S.C. § 924(e).

He now files this § 2241 petition challenging the two state court drug convictions upon which the

enhancement of his sentence was predicated. *Id.* This Order follows.

### LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence

must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's

1

substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017).

## DISCUSSION

The sole defect Petitioner claims exists with regard to his sentence is that the two state court drug convictions should not have qualified for the enhancement. Petitioner claims that those two convictions are invalid because the statute cited in the indictments during those cases listed the incorrect year; they read "ILCS 1992," when in fact the relevant compilation of Illinois statutes went into effect in January of 1993. Doc. 1, pp. 4–5.The two state actions Petitioner refers to were charged in 1994 and 1996, and Petitioner was convicted by guilty plea in 1995 and 1997 respectively. Doc. 1, Exh. B. The compilation of Illinois statutes that went into effect in

1993 did not alter any of the internal statutes, but only reorganized them with respect to one another. Doc. 1, p. 38.

As stated above, federal prisoners are generally only able to challenge convictions and sentences by using § 2255. See *Brown*, 696 F.3d at 640. However, they may resort to § 2241 actions if the § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Seventh Circuit has defined "inadequacy" in this context to mean "so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Petitioner does not explain why he did not mention the state court convictions in his previous § 2255 motion, which was denied in 2010. *Howliet v. United States*, 2010 WL 5441685 (S.D. Ill. 2010). For that matter, Petitioner also fails to explain why he did not raise this issue at sentencing or on direct appeal. Petitioner claims that a second or successive § 2255 motion at this time would be an inadequate remedy because the standards for second or successive petitions do not allow him to assert this claim. Doc. 1, p. 2. His claim is that he was convicted under a statute that does not exist. Doc. 1, p. 4. Petitioner has concluded that the reference to "ILCS 1992" on the indictment "invalidated the statutory provision under which they secured an indictment and conviction." Doc. 1, p. 6. This is incorrect. The legal effect of the underlying statutes (720 ILCS 570/402(c) and 720 ILCS 550/4(d)) was unchanged by the reorganization into the 1993 compilation, and in any event, Petitioner was charged no sooner than 1994; even if there were any differences between the compilation in effect in 1992 compared to 1993 (rather than a simple typographical error), it would have had no bearing on either of Petitioner's convictions, which in turn means his sentencing enhancement would remain unchanged. As

such, even if all of Petitioner's factual claims were accurate, he would not be entitled to relief under § 2241.

Petitioner cannot fulfill the first prong of *In re Davenport* because he has not indicated that there has been any retroactive change in the law. He has pointed to no new evidence, no change in the law, and no miscarriage of justice. He is therefore not entitled to proceed under § 2241, and his Petition is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Respondent Kallis' Motion to Dismiss [3] is GRANTED and Petitioner Howliet's Petition [1] is DISMISSED without prejudice. This matter is now terminated.

Signed on this 27th day of September, 2018.

/s James E. Shadid
James E. Shadid
Chief United States District Judge
